**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1223**

CHRISTY J. RHOADES, in her capacity as the Administratrix and Personal Representative of the Estate of Philip Jontz Rhoades,

Plaintiff - Appellee,

v.

DAVID FORSYTH, in his official and individual capacity,

Defendant - Appellant,

and

COUNTY COMMISSION OF MARION COUNTY; JOHN DOE, in his official and individual capacity,

Defendants.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Thomas S. Kleeh, District Judge. (1:18-cv-00186-TSK)

Submitted: November 13, 2020                    Decided: November 18, 2020

Before GREGORY, Chief Judge, and WYNN and FLOYD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Tiffany R. Durst, Nathan A. Carroll, PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC, Morgantown, West Virginia, for Appellant. J. Bryan Edwards, CRANSTON & EDWARDS, PLLC, Morgantown, West Virginia; Benjamin J. Hogan, BAILEY & GLASSER LLP, Morgantown, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christy J. Rhoades (Plaintiff), in her capacity as the Administratrix and Personal Representative of the Estate of Philip Jontz Rhoades (Rhoades), filed a civil action against David Forsyth (Forsyth) and other defendants, alleging a Fourth Amendment excessive force claim pursuant to 42 U.S.C. § 1983 and several related claims arising from Forsyth's fatal shooting of Rhoades in the course of a vehicle pursuit. Forsyth sought summary judgment on the basis of qualified immunity. The district court denied summary judgment as to Forsyth's qualified immunity claims, concluding that a genuine issue of material fact existed with respect to the circumstances surrounding Rhoades' and Forsyth's fatal encounter.

In this interlocutory appeal, Forsyth seeks to challenge the denial of summary judgment on the issue of qualified immunity. In her response, Plaintiff asserts that we lack jurisdiction to consider the arguments Forsyth raises on appeal. We are persuaded by Plaintiff's jurisdictional arguments and therefore dismiss the appeal for lack of jurisdiction.

Qualified immunity "protects government officials from liability for civil damages, provided that their conduct does not violate clearly established statutory or constitutional rights within the knowledge of a reasonable person." *Danser v. Stansberry*, 772 F.3d 340, 345 (4th Cir. 2014). This standard "gives government officials breathing room to make reasonable but mistaken judgments about open legal questions," thereby "protect[ing] all but the plainly incompetent and those who knowingly violate the law." *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011) (internal quotation marks omitted). In considering a qualified immunity claim, courts engage in a two-step inquiry, determining: (1) whether

3

the government official's acts violated the plaintiff's constitutional rights; and (2) whether the right at issue was clearly established at the time of the violation. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

"Because qualified immunity is an immunity from suit rather than a mere defense to liability[,] it is effectively lost if a case is erroneously permitted to go to trial." *Id.* at 231 (internal quotation marks omitted). Thus, although a district court's order denying summary judgment generally is not immediately appealable, an order denying summary judgment on the basis of qualified immunity is subject to immediate appellate review under the collateral order doctrine. *Williams v. Strickland*, 917 F.3d 763, 767-68 (4th Cir. 2019). In this posture, however, we have jurisdiction to review the district court's order "only to the extent that the court's decision turned on an issue of law." *Cox v. Quinn*, 828 F.3d 227, 235 (4th Cir. 2016) (internal quotation marks omitted). "[O]ur review of such orders is limited to a narrow legal question: if we take the facts as the district court gives them to us, and we view those facts in the light most favorable to the plaintiff, is the defendant still entitled to qualified immunity?" *Williams*, 917 F.3d at 768 (footnote omitted).

Put differently, "a defendant, entitled to invoke a qualified immunity defense, may *not* appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a genuine issue of fact for trial." *Witt v. W. Va. State Police, Troop 2*, 633 F.3d 272, 275 (4th Cir. 2011) (internal quotation marks omitted); *see Iko v. Shreve*, 535 F.3d 225, 234 (4th Cir. 2008). "Although an appellate court can, on interlocutory appeal, decide purely legal questions relating to qualified immunity, it may not reweigh the record evidence to determine whether material factual disputes preclude

4

summary disposition." *Witt*, 633 F.3d at 275 (internal quotation marks omitted). "Whether we agree or disagree with the district court's assessment of the record evidence . . . is of no moment in the context of this interlocutory appeal." *Culosi v. Bullock*, 596 F.3d 195, 201 (4th Cir. 2010). Rather, "we consider only the facts as the district court viewed them as well as any additional undisputed facts." *Cox*, 828 F.3d at 232 (internal quotation marks omitted); *see Waterman v. Batton*, 393 F.3d 471, 473 (4th Cir. 2005) (discussing standard).

In evaluating the scope of our jurisdiction, "we must . . . examine the parties' appellate arguments to ensure that we only consider those legal questions formally raised on appeal." *Iko*, 535 F.3d at 235. "This step is particularly important in interlocutory appeals regarding qualified immunity, because a party can so focus its appellate argument on factual disputes that it fails to raise a single legal question appropriate for appellate review." *Witt*, 633 F.3d at 275 (internal quotation marks omitted); *see also Johnson v. Jones*, 515 U.S. 304, 314 (1995) (recognizing jurisdictional defect in interlocutory appeal from denial of qualified immunity where court cannot "find any . . . separate [legal] question—one that is significantly different from the fact-related legal issues that likely underlie the plaintiff's claim on the merits" (internal quotation marks omitted)).

In his opening brief, Forsyth purports to challenge the district court's legal conclusions with respect to both prongs of the qualified immunity analysis. However, our careful review of the opening brief reveals that Forsyth's legal arguments hinge repeatedly, and fundamentally, on a view of the facts contrary to that reached by the district court in evaluating his summary judgment motion. *Cf. Winfield v. Bass*, 106 F.3d 525, 530 (4th Cir. 1997) (en banc) (recognizing that we may properly exercise jurisdiction "over a claim

5

that there was no violation of clearly established law *accepting the facts as the district court viewed them*" (emphasis added)).  Because we are unable to accept Forsyth's view of the facts given the case's current procedural posture, we conclude that we lack jurisdiction to consider these arguments.  *See Johnson*, 515 U.S. at 314; *Witt*, 633 F.3d at 275.

Forsyth does not fairly challenge the district court's specific legal conclusions independent of these factual disputes, precluding us from considering those legal issues over which we could appropriately exercise jurisdiction at this juncture.  *See United States v. Bartko*, 728 F.3d 327, 335 (4th Cir. 2013) (recognizing that issues not raised in opening brief are waived).  Likewise, insofar as Forsyth attempts in his reply brief to reframe his arguments to avoid the factual disputes that strip us of our jurisdiction, those discrete issues are not properly before us.  *See Grayson O Co. v. Agadir Int'l* LLC, 856 F.3d 307, 316 (4th Cir. 2017) (recognizing that issues raised for first time in reply brief are waived).  Finally, while Forsyth raises new theories in his opening brief, asserting that his exercise of lethal force was justified notwithstanding the central disputed fact identified by the district court—whether Rhoades' vehicle was moving toward Forsyth when Forsyth fatally shot him—those arguments also are not properly before us.  *See In re Under Seal*, 749 F.3d 276, 285 (4th Cir. 2014) ("[A]bsent exceptional circumstances, we do not consider issues raised for the first time on appeal." (alterations and internal quotation marks omitted)).  In short, our review of the parties' submissions convinces us that Forsyth has not "raise[d] a single legal question appropriate for appellate review."  *See Witt*, 633 F.3d at 275 (internal quotation marks omitted).

6

Accordingly, we dismiss the appeal for lack of jurisdiction.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*